OPINION
This is an appeal from an order of the Juvenile Court terminating parental rights.
The minor child involved in these proceedings, Kevin Branstetter, is nine and one-half years old. His paternity has never been legally determined. He was adjudicated neglected when he was one year old, and was then removed from his mother's care and placed with Louise Branstetter, who is the mother of the child's putative father.
Louise Branstetter fell seriously ill several months after Kevin was placed in her home. Kevin was then removed from her care and placed with an aunt, Sharon Carr. He remained with Ms. Carr until November of 1998, when she requested Montgomery County Children's Services Bureau (MCCSB) to undertake his care due to difficulties in his behavior. Kevin was subsequently diagnosed as suffering from disruptive behavior disorder, attention deficit disorder, hyperactivity disorder, and depressive disorder.
MCCSB obtained a temporary custody order in February of 1999. Kevin was placed with a foster family. Subsequently, in March of 1999, MCCSB sought permanent custody of Kevin.
Both parents were served with notice of the permanent custody petition and proceedings. The putative father made no appearance. The mother, Carolyn Carr, did appear, but did not herself seek custody of Kevin. Louise Branstetter appeared and asked for custody of Kevin. The magistrate decided against her request and awarded permanent custody to MCCSB. Objections were filed. The trial court overruled the objections and adopted the magistrate's decision.
A notice of appeal was filed by Carolyn Carr, the child's mother. An Anders brief has been filed on her behalf. One of the possible issues suggested is the refusal of the Juvenile Court to place Kevin with Louise Branstetter, the paternal grandmother. Mrs. Branstetter has filed a cross-appeal. Her assignment of error states:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ORDERED THAT PERMANENT CUSTODY SHOULD BE GRANTED TO CSB.
When in a proceeding of this kind the Juvenile Court concludes that a child should not be placed with either parent, as the court here did, the court may grant custody to the petitioner agency if that is in the child's best interest. R.C. 2151.414(B)(1). In determining best interest, the court is charged by division (D)(1) of that section to consider, inter alia, the interaction and interrelationship of the child with his siblings, relatives, foster care-givers, and any other person who may affect the child.
Louise Branstetter has custody of Kevin's half-brother. The two boys have bonded. She argues that the Juvenile Court should have placed Kevin with her in order that Kevin's relationship with his only sibling might continue. Louise Branstetter's position is supported by Kevin's mother, Carolyn Carr.
The record shows that Louise Branstetter is between 69 and 71 years of age. She suffers from heart problems and has had heart by-pass surgery. Her condition is currently managed with medication.
Louise Branstetter has had two felony convictions for violent crimes. Her income is limited, consisting mainly of Social Security.
Louise Branstetter's request for custody was opposed by MCCSB, which reported that she had failed to complete medical information forms she was given and lacks control of her aggressive tendencies.
After reviewing this evidence, the trial court found that Kevin should not be placed with Louise Branstetter. The court noted that Kevin had done well in the care of a foster family and that he is a good candidate for adoption. The court found those prospects require permanent placement with MCCSB.
Louise Branstetter argues that the Juvenile court misconstrued the facts concerning her. She argues that her two felony convictions were not serious, that her health is not impaired, that she is not overly-aggressive, and that she is not, as MCCSB had argued, opposed to providing medication prescribed to treat Kevin. She also points out that her other grown daughter, Kevin's aunt, lives with her and can assist in his care.
A children's service agency is required to consider placement of a child with a suitable relative. R.C. 2151.412(G). MCCSB did that, and it rejected Louise Branstetter as unsuitable. The Juvenile Court reviewed that conclusion and found that it was supported by the record. Beyond that, the court was required to consider the value of maintaining Kevin's relationship with his half-brother. The court did that, but concluded that the detriments which the necessary placement with Louise Branstetter would involve outweighed the benefits to Kevin of continued contact with his half-brother. The court also viewed the prospects of foster care positively, finding that Kevin has benefitted thus far from that course and that he is a good candidate for adoption.
The arguments that Louise Branstetter makes concerning her own circumstances are best determined by the trial court and its magistrate, who were in a position to evaluate the personalities involved from the perspective of a direct view. We are necessarily confined to a dry record, and must defer to those prior judgments with respect to the weight of the evidence involved. Viewing that record, we are satisfied that the trial court's decision concerning Kevin's permanent placement with MCCSB is supported by clear and convincing evidence. Therefore, the assignments of error that Louise Branstetter has presented with respect to the Juvenile Court's order are overruled.
FAIN, J. and YOUNG, J., concur.